UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOSE SALVADOR MUNOZ, an individual, ) Case No.

                Plaintiff, ) COMPLAINT FOR BREACH OF STATUTORY DUTY [28 U.S.C. SECTION 534]

    vs. )

UNITED STATES OF AMERICA, )

              Defendant. )

_____ )

    COMES NOW, Plaintiff JOSE SALVADOR MUNOZ an individual, and for cause of action alleges as follows:

## JURISDICTION AND VENUE

    1.    The jurisdiction of this honorable court is invoked pursuant 28 U.S.C. Section 1331 and 28 U.S.C. Section 534; *Tarlton v. Saxbe* (D.C. Cir. 1974) 498 F. 2d 1017.

    2.    Venue is proper in the Central District of California where Defendant United States of America, is present and where the operative events occurred.

## THE PARTIES

    3.    Plaintiff JOSE SALVADOR MUNOZ is now and at all relevant times a citizen of the Republic of Panama and a resident therein.

    4.    This action is brought against the United States Department of Justice, an agency of the United States of America, which agency is statutorily obligated pursuant to 28 U.S.C. Section 534 to maintain "criminal

records."

## STATEMENT OF FACTS

5.     Plaintiff is now and at all relevant times was a prominent attorney in the Republic of Panama and a former candidate for the office of President of Panama.

6.     In or about 1987 and 1988 during the Noriega era, David L. McGee, Assistant United States Attorney for the Northern District of Florida contacted Plaintiff seeking information regarding a certain client of Plaintiff who was suspected by federal law enforcement agents of drug trafficking. *Exhibit 1* is a true and correct letter from AUSA McGee to Plaintiff.  Plaintiff refused to provide the requested information based upon the attorney-client privilege.

7.     Plaintiff alleges that in order to coerce his cooperation with the investigation of his client, AUSA McGee procured an indictment of Plaintiff on or about July 22, 1987 on multiple counts of conspiracy to import 20 kilograms of cocaine and marijuana.  A true and correct copy of which is attached as [*Exhibit 2*] as well as a subsequent Superseding Indictment [*Exhibit 3*].  These indictments of Plaintiff had absolutely no factual or legal basis, and were brought for the sole purpose of attempting to coerce Plaintiff to reveal to AUSA McGee information about his client protected by the attorney-client privilege.

8.     On or about September 5, 1990 when it became clear to ASUA McGee that Plaintiff would not and could not divulge attorney-client protected information, and having no evidence to support the bogus indictment of Claimant, McGee moved of an order of dismissal [*Exhibit 4*] on the grounds that "the original evidence no longer exists."  This motion was granted by the District Court on September 12, 1990 [*Exhibit 5*].

9.   Following dismissal of the subject Indictment, Defendant United States, United States Department of Justice has maintained and continues to maintain in it's Law Enforcement Records Management Systems (RMSs), including but not limited to the National Crime Information Center (NCIC), the National Instant Criminal Background Check System (NICS), the Law Enforcement National Data Exchange (N-DEx) as well as other federal data bases information that Plaintiff was Indicted as a "drug trafficker."

10.   On November 18, 2014, Plaintiff received a written denial of his application for a visa to enter the United States [*Exhibit 6*] based upon *INA Act*, Section 212(a)(2)(i) [*8 USC Section 1182(2)(c)(i)*] which provides for denial of a visa application if:

"...any alien who the consular officer or the Attorney

General knows or has reason to believe–

(i) is or has been an illicit trafficker in any controlled

substance or in any listed chemical (as defined in

section 102 of the *Controlled Substances Act*

(*21 USC Section 802*), or is or has been a known

aider, abettor, assister, conspirator, or colluder with

others in the illicit trafficking in any such controlled

or listed substance or chemical, or endeavored

to do so"

11.   Plaintiff is informed and believes that when the Consular office accessed one or more of the aforementioned federal data bases to conduct the required criminal background check for processing visa applications, information pertaining to the aforementioned bogus Indictments for alleged conspiracy to engage in drug trafficking appeared, which falsely portrayed Plaintiff as either a drug trafficker or conspirator to engage in drug trafficking which subjects him to  exclusion from the United States pursuant to the

3

aforementioned statute.   As a result of the visa application denial, Plaintiff learned that the foregoing false and derogatory "criminal information" about him was being maintained and disseminated by Defendant.

12.   Plaintiff is informed and believes that the information contained in the federal data bases maintained by the Attorney General falsely and scurrilously portray Plaintiff as a drug trafficker. An allegation of drug trafficking and/or conspiracy to engage in same is morally turpitudinous and is *per se* disparaging, particularly when the allegation is made against an attorney at law.

13.   The United States Department of Justice has a statutory obligation under 28 USC Section 534 to maintain criminal files.  This obligation carries with is a corollary duty to discharge this function reliably and responsibly without unnecessary harm to individuals.  See *Tarlton v. Saxbe* (D.C. Cir.1974) 507 F2d 1116.  Plaintiff alleges that Defendant United States has breached the foregoing statutory duty by continuing to maintain in it's data base the foregoing records pertaining to a false Indictment of Plaintiff which portrays him as a drug trafficker/conspirator.

14.   As a direct and legal result of Defendant's breach of it's duty to not maintain and/or disseminate false and derogatory "criminal information," Plaintiff Jose Salvador Munoz has suffered economic and non economic damages in the amount of $10,000,000.00.

15.   As a further direct and legal result of Defendant's breach of the foregoing statutory duty, Plaintiff is also entitled to declaratory or injunctive relief to compel the removal of the bogus and derogatory references to the foregoing Indictment from any and all federal data bases.

16.   Plaintiff  Jose Salvador Munoz is also entitled to an award of costs and attorney fees under the *Equal Access to Justice Act* if it is determined that the actions of Respondent United States of America were

4

COMPLAINT

unreasonable.

17.    Plaintiff alleges that on March 23, 2015 he served a *Federal Tort Claim For Damages* on Defendant United States of American by mail addressed to United States Department of Justice, Office of the Attorney General 950 Pennsylvania Avenue, NW Washington, D.C. and more than six months have elapsed without the Claim being acted on by Defendant. Plaintiff therefore alleges that the Claim has been denied by operation of law.

18.    Plaintiff further alleges that this action was previously filed under case number 1:16-cv-00049-MP-GRJ and dismissed by the Court without prejudice on October 20, 2016 with leave to refile in this Court after Plaintiff had exhausted his administrative remedies under 28 C.F.R. section 16.34. [Document No. 24, pg 7].

19.    Plaintiff alleges that on November 3, 2016 he filed an administrative claim pursuant to 28 C.F.R. section 16.32 with the United States Attorney for the Northern District of Florida [*Exhibit 7*], and that the administrative proceeding has been pursued to conclusion and has been exhausted without the aforementioned criminal records being deleted from the data bases and the records of the indictment expunged.

WHEREFORE Plaintiff prays for judgment as follows:

1.    For declaratory and or injunctive relief as appropriate to enjoin Defendant from continuing to maintain and/or disseminate the false and disparaging "criminal information" pertaining to Plaintiff;

2.    For an order expunging all records of Plaintiff's indictment in case no. 87-01035-MP entitled *United States of America vs. Ronald B. Elliott, et al.*

3.    For an award of damages in an amount no less than $10,000,000.00;

COMPLAINT

4.     For attorney fees as provided for in the Equal Access to Justice Act;

5.     For cost of suit incurred herein; and

6.     For such other and further relief as the court may deem just and proper in the premises.

Dated: December 23, 2016        By  /s/Ernest J. Franceschi, Jr.
                                Ernest J. Franceschi, Jr. (*Pro Hac Vice*)
                                FRANCESCHI LAW CORPORATION
                                800 Wilshire Boulevard, 12th Floor
                                Los Angeles, California 90017
                                Telephone:  (213) 622-0835
                                Facsimile: (213) 622-0837
                                Email: ejf@franceschilaw.com

                                Attorney for Plaintiff
                                JOSE SALVADOR MUNOZ

6
COMPLAINT